IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL SWANSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-cv-03262 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Michael Swanson's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 12). For the reasons set forth below, Petitioner's motion is GRANTED.

## I. BACKGROUND

In March 2000, Petitioner was charged by indictment with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). United States v. Swanson, Central District of Illinois, Springfield Division, Case No. 00-cr-30018-1 (hereinafter, Crim.), Indictment (d/e 7). Following a jury trial, Petitioner was found guilty of the charged offense. Crim., Verdict (d/e 102); United States v. Swanson, 55 F. App'x 761, 761 (7th Cir. 2003).

Prior to Petitioner's sentencing, the U.S. Probation Office prepared a Presentence Investigation Report, which stated that Petitioner qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Crim., Presentence Investigation Report (d/e 146), ¶ 30. Petitioner's designation as a career offender was based on his unlawful restraint conviction in Macoupin County, Illinois, Case No. 91-CF-256, and his aggravated battery conviction in Champaign County, Illinois, Case No. 95-CF-2463. Id. ¶¶ 30, 37-38.

On May 3, 2002, Petitioner was sentenced to 264 months of imprisonment and 5 years of supervised release. Crim., Judgment (d/e 144); Swanson, 55 F. App'x at 761. Petitioner's sentence was based, in part, on a determination that he "qualified as a career offender under the Sentencing Guidelines." Swanson, 55 F. App'x at 761. Indeed, due to Petitioner's status as a career offender, his imprisonment range under the mandatory sentencing guidelines was 262 to 300 months. Crim., Presentence Investigation Report, ¶ 73.

Petitioner appealed his sentence, arguing that because his unlawful restraint conviction was not a conviction for a "crime of

violence," as that term was defined in the sentencing guidelines, he did not qualify as a career offender under the guidelines. Swanson, 55 F. App'x at 761. The Seventh Circuit noted that "Illinois courts have stated that '[a]ctual or physical force is not a necessary element of unlawful restraint as long as an individual's freedom of locomotion is impaired.'" Id. at 762 (citing People v. Bowen, 609 N.E.2d 346, 361 (Ill. App. Ct. 1993)). Accordingly, the crime of unlawful restraint in Illinois was not a "crime of violence" under the "elements clause" of § 4B1.2 of the sentencing guidelines. Id. However, the Seventh Circuit went on to hold that unlawful restraint qualified as a "crime of violence" under the "residual clause" of § 4B1.2. Id. at 762-63. Petitioner's sentence as a career offender was affirmed. Id. at 763.

Petitioner timely filed his first § 2255 motion in May 2004. See Swanson v. United States, Central District of Illinois, Springfield Division, Case No. 04-cv-03102 (hereinafter, Case No. 04-03102), Petition (d/e 1). The motion was denied on December 14, 2004. Case No. 04-03102, Order (d/e 13). Petitioner's subsequent applications for leave to file a successive § 2255 motion were denied. See Motion (d/e 12), at A21-22. However, in light of

the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the Seventh Circuit granted Petitioner's application for leave to file a successive § 2255 motion. See Order (d/e 9).

In the pending § 2255 motion, Petitioner claims that his May 2002 sentence was imposed in violation of the Due Process Clause of the Fifth Amendment. See Motion, at 6. Petitioner, relying on Johnson, argues that his due process rights were violated because his career offender designation was based on the unconstitutionally vague "residual clause" in § 4B1.2(a) of the sentencing guidelines, the section of the guidelines that defined the term "crime of violence." See id.

In response, the Government argues that Petitioner's § 2255 should be denied for three reasons: (1) Petitioner procedurally defaulted his claim by failing to raise it on direct appeal; (2) Petitioner is barred from challenging his sentence because he did so on direct appeal, his initial § 2255 motion, and two prior applications to file a successive § 2255 motion; and (3) the Supreme Court has not made Johnson retroactive to cases on collateral review involving the sentencing guidelines. Response (d/e 14), at 7.

Notably, the Government waived any argument that the sentencing guidelines are not subject to due process challenges. Id. at 5-7.

## II. ANALYSIS

### A. Petitioner's Sentence Was Imposed in Violation of the Due Process Clause of the Fifth Amendment.

A person claiming that his sentence violates the Constitution may move for the Court "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a). A brief overview of the recent developments in the law regarding due-process vagueness challenges is needed to explain why Petitioner is entitled to relief under 28 U.S.C. § 2255.

The Armed Career Criminal Act (ACCA) enhances the penalties for gun offenses under 18 U.S.C. § 922(g) if the defendant has three prior convictions for a "violent felony," a "serious drug offense," or both. 18 U.S.C. § 924(e). At the time Petitioner committed his bank robbery offense in Case No. 00-cr-30018-1, the ACCA defined "violent felony" in three ways. First, under the "elements clause," a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" was a "violent felony." 18 U.S.C. § 924(e)(2)(B)(i) (1994 & Supp. 1999).

Second, under the "enumerated clause," a felony that "is burglary, arson, or extortion, [or] involves use of explosives" was a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii) (1994 & Supp. 1999). Third, under the "residual clause," a felony involving "conduct that presents a serious potential risk of physical injury to another" was a "violent felony. " 18 U.S.C. § 924(e)(2)(B)(ii) (1994 & Supp. 1999).

In <u>Johnson v. United States</u>, the United States Supreme Court held that the ACCA's residual clause was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." <u>Id.</u> at 2563.

The Supreme Court subsequently held that the rule it announced in <u>Johnson</u> applied retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016) ("<u>Johnson</u> announced a substantive rule that has retroactive effect in cases on collateral review."). Therefore, a petitioner could attack the validity of his sentence in a § 2255 motion under <u>Johnson</u>. <u>Id.</u>

After Johnson, the question remained as to whether the rule announced in that case applied to the identically-worded residual clause in § 4B1.2 of the sentencing guidelines. Similar to ACCA's enhanced penalties for a defendant who has three prior qualifying convictions, § 4B1.1 of the sentencing guidelines provides for an increased offense level for a defendant who qualifies as a career offender. A defendant qualifies as a career offender if (1) he was at least 18 years old when he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a "crime of violence" or a "controlled substance offense," and (3) the defendant has at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a).

Like the version of the ACCA in effect when Defendant committed his bank robbery offense, the version of § 4B1.2 of the sentencing guidelines in effect at Petitioner's sentencing in Case No. 00-cr-30018-1 defined a "crime of violence" to include a felony involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2001). This language tracked verbatim the language of the ACCA residual clause. See

United States v. Hampton, 675 F.3d 720, 730 n.2 (7th Cir. 2012) (noting that the case law interpreting "crime of violence" in § 4B1.2 of the sentencing guidelines and "violent felony" in the ACCA is interchangeable).

In Beckles v. United States, the Supreme Court held that the advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause and that the residual clause in § 4B1.2 of the advisory guidelines is not void for vagueness. 137 S. Ct. 886, 895 (2017). In so holding, the Supreme Court noted that the advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. at 892. Beckles did not address whether the mandatory sentencing guidelines that applied prior to the Supreme Court's decision in Booker v. United States, 543 U.S. 220 (2005), were subject to vagueness challenges under the Due Process Clause.

The Seventh Circuit addressed this unresolved question in the consolidated cases of Cross v. United States and Davis v. United States, 892 F.3d 288 (7th Cir. 2018) (hereinafter, Cross). There, the Seventh Circuit held that, under Johnson, the mandatory

sentencing guidelines are subject to attack on vagueness grounds. Cross, 892 F.3d at 306. Because the ACCA residual clause and the residual clause in § 4B1.2 of the mandatory sentencing guidelines are "materially identical," the Seventh Circuit also held that the latter clause was unconstitutionally vague. Id. at 299-300; see also D'Antoni v. United States, 916 F.3d 658, 659 (7th Cir. 2019). Lastly, the Seventh Circuit held that Johnson is "substantive, and therefore retroactive, when applied to the mandatory guidelines." Cross, 892 F.3d at 307.

Another development in Seventh Circuit jurisprudence regarding the application of Johnson to the mandatory sentencing guidelines, one of great import to Petitioner's motion, took place earlier this year. In D'Antoni v. United States, the petitioner, who was sentenced under the mandatory guidelines, challenged his career offender status in a successive § 2255 motion made in reliance on Johnson. 916 F.3d at 661. Although the Government argued that Cross was inapplicable because it "involved two initial § 2255 petitioners," the Seventh Circuit did not accept this argument, noting that the Government had conceded that the broad language

employed in Cross precluded the argument, which the Government asserted solely for preservation purposes.  Id. at 662 n.2.

This framework compels a determination that Petitioner's sentence was imposed in violation of the Due Process Clause of the Fifth Amendment.  At the time Petitioner was sentenced, the guidelines were mandatory.  Petitioner was sentenced as a career offender, a designation that greatly increased his mandatory imprisonment guideline range.  See Crim., Presentence Investigation Report, ¶¶ 29-30, 43 (noting that Petitioner's status as a career offender resulted in an offense level of 34 (up from 28) and a criminal history category of VI (up from V)).  Petitioner's classification as a career offender was based, in part, on his unlawful restraint conviction in Macoupin County, Illinois, Case No. 91-CF-256, an offense that qualified as a "crime of violence" only under the "residual clause" of § 4B1.2 of the sentencing guidelines.  Under Johnson, a case made retroactively applicable to cases on collateral review involving the mandatory guidelines, the "residual clause" of § 4B1.2 of the mandatory sentencing guidelines is unconstitutionally vague.  Therefore, Petitioner's unlawful restraint

offense is not a "crime of violence." Petitioner is not a career offender.

However, this conclusion does not alone compel the vacatur of Petitioner's sentence, as first the Court must determine that Petitioner's § 2255 is timely and that Petitioner's claim is not procedurally barred.

### B. Petitioner's § 2255 Motion Is Timely.

A § 2255 motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Johnson, the Supreme Court case on which Petitioner relies, was decided on June 26, 2015. The right recognized in Johnson was later made retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268. Petitioner filed his § 2255 motion approximately four months after Johnson was decided. Therefore, Petitioner's motion is timely under § 2255(f)(3). See Cross, 892 F.3d at 294.

### C. Petitioner § 2255 Motion is Not Procedurally Barred.

*1. Petitioner's previous applications for a writ of habeas corpus do not bar the current § 2255 motion.*

The Government argues that Petitioner is barred from challenging his career offender designation because he did so on direct appeal, in his initial § 2255 motion, and in two prior applications to file a successive § 2255 motion. Response, at 14-16. The Court disagrees.

In Price v. United States, the Seventh Circuit found, in circumstances nearly identical to those present here, that a petitioner's prior § 2255 motion challenging his status as an armed career criminal did not preclude his subsequent motion based on Johnson. 795 F.3d 731, 733 (7th Cir. 2015). Price's first § 2255 motion relied on Begay v. United States and Sykes v. United States "to argue that his convictions for criminal recklessness fell outside the scope of ACCA's definition of a crime of violence." Id.

Price later filed a § 2255 motion based on Johnson. Id. at 732. The Seventh Circuit reasoned that because Price has never before made a claim based on Johnson, his first § 2255 motion did not preclude the second one. Id. at 733 ("[Price] never alleged then

that ACCA's residual clause itself was unconstitutionally vague. This explains why 28 U.S.C. § 2244(b)(1), to the extent that it is applicable, does not bar Price's application: he has never presented this claim before.").

In accordance with Price, the Court finds that Petitioner's direct appeal, initial § 2255 motion, and two prior applications to file a successive § 2255 motion do not preclude the instant § 2255 motion. Petitioner, in his direct appeal, argued that unlawful restraint did not meet the "crime of violence" definition located in § 4B1.2 of the sentencing guidelines. Swanson, 55 F. App'x at 761. Petitioner's initial § 2255 motion argued (1) that his due process rights were violated because the Government advanced new grounds on appeal in support of affirmance and (2) that he received ineffective assistance of counsel. See Case No. 04-03102, Order, at 4-5. Although Petitioner filed two applications for leave to file a successive § 2255 motion, Petitioner's arguments were the same as those made in his direct appeal. See Motion, at A21-22. Prior to the instant § 2255 motion, Petitioner never argued that the residual clause in § 4B1.2(a) of the mandatory sentencing guidelines was unconstitutionally vague.

> 2. *Petitioner's failure to raise the vagueness of the residual clause in § 4B1.2 of the sentencing guidelines on direct appeal does not bar Petitioner's claim.*

The Government contends that Petitioner's claim is procedurally defaulted because he did not challenge the constitutionality of the residual clause on direct appeal. Response, at 8-16. "The failure to raise an issue on direct appeal generally bars a defendant from raising it later in a post-conviction proceeding." <u>Barker v. United States</u>, 7 F.3d 629, 632 (7th Cir. 1993). However, a petitioner may raise his constitutional claim for the first time on collateral attack if he "can demonstrate cause for the procedural default as well actual prejudice from the failure to appeal." <u>Id.</u> Procedural default here is excused because Petitioner can show both cause and prejudice.

As the Seventh Circuit has recognized, an extended prison term easily establishes prejudice to the petitioner. <u>Cross</u>, 892 F.3d at 294 ("We have no doubt that an extended prison term—which was imposed on both men as a result of their designation as career offenders—constitutes prejudice.").

Second, the cause of Petitioner's procedural default is excusable. A petitioner may be excused for failing to raise the issue

on appeal if the petition is based on a Supreme Court decision that: (1) explicitly overrules one of its precedents; (2) overturns a longstanding and widespread practice of lower courts; or (3) disapproves a practice that the Supreme Court previously sanctioned. Reed v. Ross, 468 U.S. 1, 17 (1984). Given that Johnson overruled two Supreme Court precedents, abrogated "a substantial body of circuit court precedent upholding the residual clause against vagueness challenges," and disapproved the Supreme Court's implicit sanction of the guidelines' residual clause, Petitioner's procedural default is excused on all three grounds. Cross, 892 F.3d at 296. Simply put, Petitioner could not have reasonably challenged the residual clause in the mandatory sentencing guidelines on vagueness grounds when he was sentenced in May 2002.

## III. CONCLUSION

Because Petitioner's unlawful restraint conviction did not qualify as a conviction for a "crime of violence" under § 4B1.2(a) of the mandatory sentencing guidelines, Petitioner did not qualify as a career offender under § 4B1.1 of the mandatory guidelines when he was sentenced. In addition, Petitioner's § 2255 motion is timely, is

not procedurally barred, and is based on a new constitutional rule recognized in Johnson and made retroactive to cases on collateral review by the Supreme Court in Welch.

Therefore, Petitioner Michael Swanson's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 12) is GRANTED. Accordingly, the Court VACATES Petitioner's sentence in Case No. 00-cr-30018-1 and schedules a resentencing hearing in that case for Tuesday, June 18, 2019, at 3:00 p.m. in Courtroom I in Springfield, Illinois. Petitioner's Motion for Status Hearing (d/e 37) is DENIED as MOOT.

ENTER: May 16, 2019

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE